UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Janet Kitui,

     Plaintiff,       **MEMORANDUM OPINION
                  AND ORDER**
v.                  Civil No. 12-1862 ADM/FLN

Gander Mountain Company, Inc.,

     Defendant.

___

Janet Kitui, Pro se.

Sarah J. Gorajski, Esq., and Kathryn Mrkonich Wilson, Esq., Littler Mendelson, PC, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On October 25, 2012, the undersigned United States District Judge heard oral argument on Plaintiff Janet Kitui's ("Kitui") Motion to Remand [Docket No. 11] and Defendant Gander Mountain Company's ("Gander Mountain") Motion to Dismiss [Docket No. 4]. For the reasons stated below, Kitui's motion to remand is granted and Gander Mountain's motion to dismiss is denied as moot.

## II. BACKGROUND

Kitui worked at Gander Mountain from October 2, 2006, until Gander Mountain terminated her employment on October 9, 2008. Notice of Removal [Docket No. 1] Ex. A ("Complaint") ¶¶ 3, 6. On August 3, 2009, Kitui filed a Charge of Discrimination against Gander Mountain with the Minnesota Department of Human Rights ("MDHR"). Id. ¶ 16. The Equal Employment Opportunity Commission ("EEOC") commenced a parallel investigation of the charge of discrimination. Id. ¶ 17. MDHR concluded its investigation and issued its

determination of "No Probable Cause" on November 19, 2010.  Id. ¶ 20; Gorajski Decl. [Docket No. 7] Ex. D.

In January 2011, the EEOC determined it was "unable to conclude that the information obtained establishes violations" of federal law.  Compl. ¶ 20; Gorajski Decl. Ex. C.  On January 25, 2011, EEOC issued a Dismissal and Notice of Rights, which was intended to inform Kitui of her right to file a civil action against Gander Mountain within 90 days.  Compl. ¶ 21; Gorajski Decl. Ex. C.

Kitui changed residences on January 15, 2011.  Aff. Opp'n to Mot. to Dismiss [Docket No. 17] ¶ 16.[1]  She notified the United States Postal Service at the time of her move and recorded a forwarding address.  Id.  Having received no notice of the status of her case, Kitui informed EEOC of her change of address on March 5, 2011, by letter, and called to inquire about the status on June 29, 2011.  Id.  The EEOC re-sent its dismissal letter in July, 2011.  Id.

In August or September of 2011, Kitui spoke to a director at EEOC, and the agency decided to reconsider Kitui's case.  Gorajski Decl. Ex. E. (Notice of Recons. of Dismissal, September 21, 2011).  On behalf of the EEOC, John P. Rowe, District Director wrote, "I have, on my own motion, reconsidered the dismissal issued in error on January 25, 2011."  Id. Director Rowe continued,

> The decision is vacated, and the Notice of Right to Sue, if applicable, is hereby revoked.  The subject charge is remanded to investigation for further administrative processing.  As a result, the Charging Party's right to sue is hereby vacated, **unless** the Charging Party has filed suit, the 90-day suit period has expired, . . . .

Id. (emphasis in the original).  On or about April 18, 2012, Kitui received a letter from the EEOC

---

[1] Kitui titled this document "Affidavit," but it is filed without a notary signature. Thus, it will be construed as a memorandum in response to Defendant's Motion to Dismiss.

2

informing her that the EEOC had terminated its investigation. The letter stated, "No finding is made as to any issue . . . ." Gorajski Decl. Ex. F.

On July 10, 2012, Kitui filed this civil action in Ramsey County District Court. Compl. at 8. Kitui did not cite to any federal or state statute. The Complaint included four claims: 1) misrepresentation; 2) breach of contract; 3) discrimination; and 4) infliction of emotional distress. Gander Mountain removed the case to the United States District Court on July 30, 2012, arguing the court has federal question jurisdiction over Kitui's discrimination claim and supplemental jurisdiction over her other state law claims. Notice of Removal at 1-2.

### III.  DISCUSSION

**A.  Motion for Remand**

**1.  Standard for Review**

Federal courts hear actions "arising under" federal law. 28 U.S.C. § 1331. A case shall be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). When considering a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. See id.

Under the well-pleaded complaint rule, a plaintiff's properly-pleaded complaint must be examined to determine whether a federal question is found on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of

action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (internal quotations omitted). The well-pleaded complaint rule acknowledges that the plaintiff is master of her claim, and that a plaintiff can legitimately avoid federal jurisdiction by foregoing federal claims and remedies and basing her arguments solely on state law. Williams, 482 U.S. at 398-99. "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

On the other hand, a plaintiff cannot avoid removal of a case by "inadvertently, mistakenly, or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." M. Nahas & Co. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 612 (8th Cir.1991). In other words, a plaintiff cannot avoid removal with "artful pleading." Stephens v. Cowles Media Co., 995 F. Supp. 974, 977-78 (D. Minn. 1997). If a plaintiff's artful pleading casts essential federal law claims as state law claims, the essential federal question will not be ignored and the plaintiff cannot avoid removal to federal court. Id. at 778. However, the artful pleading doctrine "constitutes a narrow exception, limited to federal statutes that so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." Id. (quoting M. Nahas & Co., 930 F.2d at 612).

### 2. Analysis

Gander Mountain insists Kitui's discrimination claim could have only been pled under Title VII of the 1964 Civil Rights Act, Pub. L. No. 88-352, as amended, 42 U.S.C. § 2000e-5 ("Title VII"). Mem. Opp'n Mot. for Remand [Docket No. 16] at 4-5; Compl. ¶¶ 38-41.

Resolving all doubts in favor of remand, the Court finds Kitui's Complaint, on its face, does not rely on Title VII, nor does it present a federal question.

The inquiry begins with the face of the Complaint. <u>Williams</u>, 482 U.S. at 392. Kitui did not specify whether her discrimination claim was based on federal or state law; she simply alleged that Gander Mountain had "discriminated against Plaintiff because of her race, gender or nation origin."[2] <u>Id.</u> Gander Mountain assumes Kitui is basing her Complaint on Title VII discrimination because the EEOC only investigates federal law violations. However, Gander Mountain's assumption about Kitui's Complaint confuses two issues, the right to sue and the legal grounds on which a plaintiff decides to sue.[3] It will not be automatically assumed Kitui is asserting a claim under Title VII, especially when she did not reference Title VII in her Complaint. Compl. ¶¶ 38-41. Kitui mentioned the EEOC's parallel investigation in her recitation of facts, Compl. ¶ 17, but the conclusion that Kitui pled a claim under Title VII does not follow. As Judge William M. Nickerson recently and succinctly explained, the EEOC

> investigate[s] allegations of discrimination and assess[es] whether it can conclude that there were violations under any of the statutes it enforces. It is an enforcement body, not a quasi-judicial body. A finding of discrimination by EEOC does not carry with it any form of relief; it simply means that EEOC will attempt to settle the charge

---

[2] Kitui did not cite a federal or state statute in her entire Complaint.

[3] A lot of confusion in this case stems from substantive questions about the right to sue and statutes of limitations. Aff. Opp'n Mot. to Dismiss ¶¶ 16-17. Kitui argues for equitable tolling based on her understanding, without citation to precedent, that the "statute of limitation shall not bar a claim in cases where the plaintiff, despite use of due diligence could not of [sic] did not discover the injury until after the expiration of the limitations period." <u>Id.</u> ¶ 16. Kitui believes she still has a right to sue because the EEOC reopened her case. But the decision to remand is wedded to the finding on the face of the complaint, not to the merits of subsequent arguments. <u>Carlson v. Arrowhead Concrete Works, Inc.</u>, 445 F.3d 1046, 1050 (8th Cir. 2006). These are issues of timing, not of jurisdiction, and the court may not address them before deciding if it has jurisdiction to hear the case.

and may, if unable to settle the charge, file suit on the complainant's behalf. <u>Hammonds v. Baltimore Cnty Bd. of Educ.</u>, Civ Act. WMN-11-3348, 2012 U.S. Dist. LEXIS 31292 (D. Md. Mar. 8, 2012).  The EEOC's investigation of Kitui's discrimination claim does not determine how a plaintiff may choose to plead her case, either under state law or federal law.  In Kitui's case, the EEOC made "no finding" as to any issue.  Gorajski Decl. Ex. F.  The EEOC investigation affects when a plaintiff can file her case, not how a plaintiff can plead her case.

The manner of pleading a case can be dictated by federal law.  Federal law can preempt state law, making a plaintiff's right to relief necessarily dependant on resolution of a substantial question of federal law.  <u>Peters</u>, 80 F.3d at 260.  However, Title VII is not a preemptive law, except to the extent that state law conflicts with federal law.  See <u>Stephens</u>, 995 F. Supp. at 978 (holding Title VII does not preempt state law).  Kitui may have a basis for a Title VII claim; but, she is not required to plead it as a claim for relief.  Kitui's discrimination claim references the MDHR, not Title VII or the EEOC.  Compl. ¶¶ 38–41.  Therefore, it will not be assumed Kitui is asserting a federal claim under Title VII.

Finally, while it is true Kitui cannot avoid removal of a case by "inadvertently, mistakenly, or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded," <u>M. Nahas</u>, 930 F.2d at 612, there is no evidence here of "artful pleading" to avoid federal jurisdiction.

Resolving all doubts in favor of remand, the Complaint does not clearly plead a federal question.  Thus, Gander Mountain has not met its burden of establishing Kitui's Complaint raises a federal law claim.

**B. Motion to Dismiss**

Because the Court grants the motion for remand, Gander Mountain's motion to dismiss is denied as moot.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Janet Kitui's Motion for Remand [Docket No. 11] is **GRANTED**; and,

2. Defendant Gander Mountain's Motion to Dismiss [Docket No. 4] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 7, 2012.